## Vanarsdall v. Russell, et al.

(Decided October 18, 1911.)

### Appeal from Mercer Circuit Court.

Question of Fact—Conflict of Evidence.—The controversy in this case involving only issues of fact, in respect to which the evidence was so contradictory and confusing as to make their proper solution a matter of extreme difficulty, and there being some evidence to support the contention of each of the parties, the case

was properly one for the jury. The instructions correctly advised the jury of the law of the case.

E. H. GAITHER, ROBT. HARDING, EMMET PURYEAR, for appellant.

J. F. VANARSDALL for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant sued the appellees in the court below April 22nd, 1910, upon account for the sale of 21 hogs at the price of $285.17. The answer of appellees pleaded payment. The trial resulted in a verdict for appellees, upon which judgment was entered in their favor for costs. Appellant being dissatisfied with the judgment, has appealed.

Appellant's only complaint is, that the jury at the conclusion of the evidence should have been peremptorily instructed to find for him.

It is the contention of appellant, and such was his testimony on the trial, that on July 24, 1906, he sold to the appellees, Russell & Walter, a firm of stock traders, 21 head of hogs aggregating in weight 4,675 pounds, at $6.10 per hundred, which made the entire purchase price amount to $285.17; that the appellant, Russell, at the time, gave him a check for $285.17 on the First National Bank, dated July 24, 1906, payable to his order, signed Russell & Walter, and containing in a line next above the firm's signature the words: "For 21 hogs, 4,675 pounds at $6.10;" that he placed the check in a drawer at his home where it remained forgotten or overlooked by him, until some time in January, 1910, three and a half years later, at which time in cleaning out the drawer, he discovered it. There was nothing on the check to show that it had been presented or paid. Thinking the check had possibly been paid, appellant asked appellees what they recollected about it. They claimed to have no recollection of the check for $285.17, but found among their papers a check for $182.60, on the First National Bank, bearing date August 3rd, 1906, payable to appellant's order, signed by Russell & Walter, and containing in the line next above the firm's signature, the words:

"For 21 hogs, balance." This check, as shown by the First National Bank's stamp on the back of it, was paid November 6th, 1906. After being advised by ap-

pellees of their ignorance of the check of $285.17 found by appellant in his drawer, the latter presented it to the First National Bank for payment; but the bank refused to pay it on the ground that appellees then had no account with it and no funds in its possession. Appellant thereupon demanded of appellees payment of the amount of the check, and upon their refusal to pay same, sued them.

Appellant's evidence was directed to showing that he sold appellees two lots of hogs in 1906, each lot containing 21; that the first lot was sold and delivered July 24th, 1906, at the price for which the $285.17 check of that date was given; and that the check of that amount was received by him for the first lot of hogs. That the second lot of hogs, though of the same number as the first, was inferior in quality, and was sold and delivered by appellant to appellees early in November, 1906; that the price of the second lot of hogs was $182.60, and that for this amount appellees executed to appellant the check of date August 3rd, 1906.

Appellant did not explain why the check of $182.60, if given in payment of hogs sold in November, 1906, was dated back to August 3rd, 1906, and why, if its amount was the full price for which the hogs were sold, the check was made to state it was "for 21 hogs balance." Appellant's father and brother testified it was their recollection that he sold two lots of hogs to appellees in 1906, but their memories were indistinct as to the purchase price of either lot or how paid, if at all.

It is appellees' theory, and such was their testimony, that they bought but one lot of hogs from appellant in 1906, that this purchase was made July 24th of that year, and that the check of $182.60 of date Aug. 3rd, 1906, was given as it states for a part, and the balance, of what they owed appellant for the hogs. They, however, gave no explanation as to when any other part of the purchase price for the hogs was paid by them, or whether it was paid in money or a check. Their recollection of the transaction seems indistinct and the only written evidence they were able to find of it was furnished by the check of $182.60, which had manifestly been received by appellant and by him cashed.

It was admitted by the appellee, Russell, that the check of $285.17 was written and signed by him, as it was in his handwriting; but he could not recall why it and the check for $182.60 were given for the one lot of

hogs, nor was he able to explain why the larger check had not been paid.

It will readily be seen that the case is one of mystery, well calculated to perplex either court or jury. Although the evidence is as contradictory as it could well be, it gives some support to the contention of each of the parties. It was properly allowed to go to the jury; therefore, the refusal of the peremptory instruction was not error.

We think the following instructions given by the court fairly advised the jury of the law of the case:

"1. Gentlemen of the Jury, you will find for the plaintiff the sum of $285.17, with interest from April 22nd, 1910, unless you believe from the evidence that the defendants had prior to August 3rd, 1906, paid to the plaintiff, or settled with him in some manner a portion of said sum, and on said date paid him the balance thereof by check of $182.60, and that the said check was for the payment of the balance due on 21 hogs sold by the plaintiff to the defendant in July, 1906; and if you so believe you will find for the defendants.

"2. If you believe from the evidence that the plaintiff, in 1906, sold to the defendants two bunches of hogs, and that the check for $182.60 was given in payment for the last bunch, you will find for the plaintiff the sum of $285.17, with interest from the 22nd day of April, 1910."

The record furnishing no cause for disturbing the verdict, the judgment is affirmed.